IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATIE LEANN WAGNER,<br><br>Defendant. | CR 14-96-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Katie Leann Wagner (Wagner) has been accused of violating the conditions of her supervised release. Wagner has admitted all of the alleged violations. Wagner's supervised release should be revoked. Wagner should be placed in custody for 1 month, with 47 months of supervised release to follow. Wagner should serve the first 60 days of supervised release in an inpatient drug treatment facility. Wagner should serve the following 180 days of supervised release in a residential re-entry center. If Wagner cannot be placed in a residential re-entry center immediately upon completion of her inpatient drug treatment program, Wagner should reside with her family in Missoula, Montana until she can be placed in a residential re-entry center.

## II.  Status

Wagner pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine on December 8, 2014.  (Doc. 276).  The Court sentenced Wagner to 56 months of custody, followed by 4 years of supervised release.  (Doc. 579).  Wagner's current term of supervised release began on September 21, 2018.  (Doc. 958 at 1).

### Petition

The United States Probation Office filed an Amended Petition requesting that the Court revoke Wagner's supervised release on April 22, 2020.  (Doc. 963).  The Amended Petition alleged that Wagner had violated the conditions of her supervised release: 1) by using amphetamine and marijuana; 2) by using methamphetamine on three separate occasions; 3) by failing to report for substance abuse treatment; and 4) by failing to report for substance abuse testing.

### Initial appearance

Wagner appeared before the undersigned for her initial appearance on the Amended Petition on May 13, 2020.  Wagner was represented by counsel.  Wagner stated that she had read the petition and that she understood the allegations.  Wagner waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 13, 2020. Wagner admitted that she had violated the conditions of his supervised release: 1) by using amphetamine and marijuana; 2) by using methamphetamine on three separate occasions; 3) by failing to report for substance abuse treatment; and 4) by failing to report for substance abuse testing. The violations are serious and warrant revocation of Wagner's supervised release.

Wagner's violations are Grade C violations. Wagner's criminal history category is II. Wagner's underlying offense is a Class B felony. Wagner could be incarcerated for up to 36 months. She could be ordered to remain on supervised release for up to 48 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Wagner's supervised release should be revoked. Wagner should be incarcerated for 1 month, with 47 months of supervised release to follow. Wagner should serve the first 60 days of supervised release in an inpatient drug treatment facility. Wagner should serve the following 180 days of supervised release in a residential re-entry center. If Wagner cannot be placed in a residential re-entry center immediately upon completion of her inpatient drug treatment program,

Wagner should reside with her family in Missoula, Montana until she can be placed in a residential re-entry center. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Wagner that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Wagner of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Wagner that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Katie Leann Wagner violated the conditions of her supervised release: by using amphetamine and marijuana; by using methamphetamine on three separate occasions; by failing to report for substance abuse treatment; and by failing to report for substance abuse testing.

The Court **RECOMMENDS:**

> The District Court should revoke Wagner's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 1 month, with 47 months of supervised release to follow. Wagner should serve the first 60 days of supervised release in an inpatient drug treatment facility. Wagner should serve the following 180 days of supervised release in a residential re-entry center. If Wagner cannot be placed in a residential re-entry center immediately upon completion of her inpatient drug treatment program, Wagner

should reside with her family in Missoula, Montana until she can be placed in a residential re-entry center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of May, 2020.

_____
John Johnston
United States Magistrate Judge

5