# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>KATIE LEANN WAGNER,<br><br>Defendant. | CR-14-96-GF-BMM-18<br><br><br><br>**ORDER** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 14, 2020. (Doc. 970.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on May 13, 2020. (Doc. 971.) The United States accused Wagner of violating her conditions of supervised 1) by using amphetamine and marijuana; 2) by using methamphetamine on three

separate occasions; 3) by failing to report for substance abuse treatment; and 4) by failing to report for substance abuse testing. (Doc. 963.)

At the revocation hearing, Wagner admitted that she had violated the condition of her supervised release 1) by using methamphetamine and marijuana; 2) by using methamphetamine on three separate occasions; 3) by failing to report for substance abuse treatment; and 4) by failing to report for substance abuse testing. (Doc. 971.) Judge Johnston found that Wagner's violations warranted revocation, and recommended that Wagner should receive a custodial sentence of 1 month, with 47 months supervised release to follow. Judge Johnston recommended Wagner serve the first 60 days of supervised release in an inpatient drug treatment facility and that Wagner should serve the following 180 days of supervised release in a residential re-entry center. Judge Johnston also recommended that if Wagner cannot be placed in residential re-entry center immediately upon completion of her inpatient drug treatment program, Wagner should reside with her family in Missoula, Montana until she can be placed in a residential re-entry center. (Doc. 970.)

The violations prove serious and warrant revocation of Wagner's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 970) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that Defendant Katie Leann Wagner be incarcerated for 1 month, with 47 months of supervised release to follow. Wagner should serve the first 60 days of supervised release in an inpatient drug treatment facility. Wagner should serve the following 180 days of supervised release in a residential re-entry center. If Wagner cannot be placed in a residential re-entry center immediately upon completion of her inpatient drug treatment program, Wagner should reside with her family in Missoula, Montana until she can be placed in a residential re-entry center.

DATED this 27th day of May, 2020.

_____
Brian Morris, Chief District Judge
United States District Court