# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATIE LEANN WAGNER,<br><br>Defendant. | CR 14-96-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Katie Leann Wagner (Wagner) has been accused of violating the conditions of her supervised release. Wagner admitted all of the alleged violations. Wagner's supervised release should be revoked. Wagner should be placed in custody for 6 months, with 38 months of supervised release to follow. Wagner should serve up to the first 9 months of supervised release in a sober living facility as directed by her probation officer.

## II. Status

Wagner pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine on December 8, 2014. (Doc. 276). The Court sentenced Wagner to 56 months of custody, followed by 4 years of supervised

release. (Doc. 579). Wagner's current term of supervised release began on June 4, 2021. (Doc. 1037 at 3).

**Petition**

The United States Probation Office filed a Petition on June 23, 2021, requesting that the Court revoke Wagner's supervised release. (Doc. 1037). The Petition alleged that Wagner had violated the conditions of her supervised release: 1) by failing to report for substance abuse treatment; and 2) by failing to reside at the residence approved by her probation officer.

**Initial appearance**

Wagner appeared before the undersigned for her initial appearance on July 15, 2021. Wagner was represented by counsel. Wagner stated that she had read the petition and that she understood the allegations. Wagner waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 15, 2021. Wagner admitted that she had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; and 2) by failing to reside at the residence approved by her probation officer. The violations are serious and

2

warrant revocation of Wagner's supervised release.

Wagner's violations are Grade C violations. Wagner's criminal history category is II. Wagner's underlying offense is a Class B felony. Wagner could be incarcerated for up to 36 months. Wagner could be ordered to remain on supervised release for life. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Wagner's supervised release should be revoked. Wagner should be placed in custody for 6 months, with 38 months of supervised release to follow. Wagner should serve up to the first 9 months of supervised release in a sober living facility as directed by her probation officer. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Wagner that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Wagner of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Wagner that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

Katie Leann Wagner violated the conditions of her supervised release: by failing to report for substance abuse treatment; and 2) by failing to reside at the residence approved by her probation officer.

The Court **RECOMMENDS:**

The District Court should revoke Wagner's supervised release and commit Wagner to the custody of the United States Bureau of Prisons for 6 months, with 38 months of supervised release to follow. Wagner should serve up to the first 9 months of supervised release in a sober living facility as directed by her probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of July, 2021.

John Johnston
United States Magistrate Judge